UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                            PLAINTIFF

V.                                                                                                                  NO. 3:05CR-00109-C

JOSEPH R. BANIS                                                                                                     DEFENDANT

**REPORT AND RECOMMENDATION**

This matter was assigned to the magistrate judge for a hearing pursuant to a supervised release violation report filed by the United States Probation Office. On March 31, 2008, he appeared before the court for a final revocation hearing, at which time he waived his right of allocution. After considering the evidence, the arguments of counsel, the advisory Sentencing Guidelines, and the 18 U.S.C. § 3553 factors incorporated into 18 U.S.C. § 3583(e), and for the reasons stated below, the magistrate judge recommends that Mr. Banis's term of supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of nine months, with no supervised release to follow.

**I. Findings of Fact**

On July 31, 1998, Mr. Banis entered a plea of guilty to one count of possession with intent to distribute one hundred grams or more of methamphetamine. On April 2, 1999, United States District Judge Algenon Marbley, of the Southern District of Ohio, sentenced Mr. Banis to a term of imprisonment for eighty-four months, followed by a five-year term of supervised release. Among the explicit conditions of his term of supervised release was that he not commit another federal, state, or local crime.

Mr. Banis's term of supervised release began on July 22, 2004, and was to have continued through July 21, 2009. On August 5, 2005, the Southern District of Ohio transferred

jurisdiction of Mr. Banis to the Western District of Kentucky, which accepted the transfer on September 7, 2005.  Less than a year later, Mr. Banis drove under the influence of alcohol or drugs ("DUI") in Jefferson County, Kentucky, and pled guilty to that misdemeanor offense on May 17, 2007, in Jefferson Circuit Court (case number 06F004816).  For that offense, he was sentenced to thirty days in jail, with credit for time served, and his license was suspended for thirty days.

During Mr. Banis's final revocation hearing, his counsel represented to the court that, since being released from his initial federal prison term, Mr. Banis had been arrested and served time on more than one state charge unrelated to the DUI charge that prompted the government's request that his supervised release be revoked.  Mr. Banis's counsel provided the court with no documentation establishing the nature of those charges, or the amount of time served, but did request that the term of imprisonment imposed on Mr. Banis following any revocation of his supervised release be reduced by the amount of time already served on the unrelated state charges.  According to Mr. Banis's counsel, that amount of time is over twelve months, and would thus effectively cancel out any recommended term of imprisonment pursuant to 18 U.S.C. § 3583(e)(3).  Mr. Banis's counsel asserted that the court has authority to award such a "time served credit" pursuant to 18 U.S.C. § 3585(b)(2).

## II.  Conclusions of Law

Title 18, Section 3583(e), of the United States Code permits a federal court to revoke a person's term of supervised release and require that person return to prison to serve all or part of the term of supervised release authorized by statute for the offense that initially gave rise to the supervised release.  Before doing so, however, the court must consider certain of the factors set

forth in 18 U.S.C. § 3553(a), specifically:

1. The nature and circumstances of the offense and the need for the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1));

2. The need for the sentence imposed

   a. to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)),

   b. to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C)), and

   c. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D));

3. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission and in effect on the date the defendant is sentenced,[1] for a violation of a term of supervised release (18 U.S.C. § 3553(a)(4), (5));

4. The need to provide unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct 18 U.S.C. § 3553(a)(6); and

5. The need to provide restitution to any victims of the offense 18 U.S.C. § 3553(a)(7).

The magistrate judge has carefully considered all of the above factors in light of Mr. Banis's underlying federal conviction and the evidence pertaining to his compliance (or lack thereof) with the terms of his supervised release.

The policy statement in Chapter 7 of the United States Sentencing Commission's Guidelines Manual states that Mr. Banis's DUI conviction constitutes a Grade C violation. His

---

[1]Except as provided in 18 U.S.C. § 3742(g).

criminal history category, as determined at the time of his original sentence was Category IV. Consequently, the suggested range of imprisonment applicable upon revocation of Mr. Banis's supervised release is six to twelve months, which is based upon the Revocation Table in the advisory Sentencing Guidelines. It is the magistrate judge's opinion that the mid-point of this range (nine months) is an appropriate term of imprisonment, in light of the other 18 U.S.C. § 3553(a) factors to be considered.

The magistrate judge also concludes that Mr. Banis's counsel's suggestion that the court should reduce his term of imprisonment by the amount of time he supposedly has already spent in custody for the violation of state laws unrelated to the DUI charge that led to the revocation hearing, is unsupported by the applicable law. Title 18, Section 3585(b)(2), of the United States Code, does not, as Mr. Banis's counsel suggests, permit the court to credit Mr. Banis for time already served during his period of supervised release. Only the United States Attorney General and the Bureau of Prisons have the authority to award sentence credits, and they may do so only after Mr. Banis returns to federal prison. *See United States v. Wilson*, 112 S.Ct. 1351 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Moreover, although Mr. Banis's counsel is experienced and has not given the magistrate judge any reason to doubt the truth of his representations to the court, he did not produce any evidence of Mr. Banis's putative recent terms of state or local imprisonment during the revocation hearing. Accordingly, the magistrate judge finds no statutory basis for the suggested procedure of revoking Mr. Banis's term of supervised release, yet allowing him to be released from federal custody because of time already served in state or local custody.

### III. Recommendation

Having considered the advisory sentencing guidelines and commentary thereto, 18 U.S.C. § 3583(e), and the 18 U.S.C. § 3553(a) factors incorporated in 18 U.S.C. § 3583(e), the magistrate judge recommends that Mr. Banis's five-year term of supervised release, which began on July 22, 2004, should be revoked. The magistrate judge further recommends that Mr. Banis be committed to the custody of the Federal Bureau of Prisons for a term of nine months, with no supervised release to follow. Mr. Banis appears unwilling or incapable of abiding by state and local laws, but there exists no evidence before the court that he has violated any federal laws during his term of supervised release. Accordingly, the magistrate judge is of the opinion that the further imposition of a term of federally-supervised release, with the concomitant chance of future federal prison time for Mr. Banis's likely future violations of state and local laws, would not be an efficient use of federal resources, as the state judicial system is more than adequate to deal with any further transgressions of non-federal laws by Mr. Banis.

DATE:

cc: counsel of record

### NOTICE

Specific objections to this report and recommendation must be filed within ten (10) days of service of them, or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *United States v. Campbell*, 261 F.3d 328, 632 (6th Cir. 2001). **General objections, or objections that require a judge's interpretation are insufficient to preserve the right to appeal**. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C).